**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ESLEY D. CORNELIUS, III, #Y23796,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00516-JPG** |
| | ) | |
| **CITY OF MARION, ILLINOIS,** | ) | |
| **MARION POLICE DEPARTMENT,** | ) | |
| **CHARLES WELGE,** | ) | |
| **WILLIAM LANNOM,** | ) | |
| **TERANCE HENRY,** | ) | |
| **SHAWN ANGLIN,** | ) | |
| **and CHRISTINA BURNS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**GILBERT, District Judge:**

Plaintiff Esley D. Cornelius, III, an inmate in custody of the Illinois Department of Corrections and currently housed at Murphysboro Life Skills Re-Entry Center & Impact Program, brings this civil rights action pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that he was subjected to an unlawful and discriminatory traffic stop by Officers Charles Welge and William Lannom on May 8, 2021.  (Doc. 1, pp. 1-11).  Although the officers never issued him a citation, they arrested him, seized $5,231 from him, and detained him for 34 days at Marion County Jail.  They also used racially charged language throughout the stop.  *Id*.

Public records of the incident, including dashboard camera footage, were not preserved in compliance with the Illinois Public Records Act or produced in compliance with the Illinois Freedom of Information Act.  Plaintiff blames the City of Marion and Marion Police Department for failing to properly train or supervise its public records employees about proper records

1

retention, including Terance Henry, Shawn Anglin, and Christina Burns. Plaintiff seeks monetary relief. *Id.*

The Complaint is now subject to review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id.* The factual allegations in a *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Discussion**

Based on the allegations, the Court designates the following counts that were either explicitly designated by Plaintiff or mentioned in the *pro se* Complaint:

Count 1: Fourteenth Amendment due process claim against Defendants for failing to preserve and produce exculpatory evidence from Plaintiff's traffic stop on May 8, 2021, including dashboard camera footage.

Count 2: *Monell* claim against City of Marion and/or Marion Police Department for maintaining policies, customs, and/or practices surrounding the preservation of evidence that resulted in the loss or destruction of exculpatory evidence from Plaintiff's traffic stop on May 8, 2021.

Count 3: Illinois state law claim against Charles Welge, William Lannom, Terance Henry, Christina Burns, and Shawn Anglin for their willful and wanton loss or destruction of dashboard camera footage from the traffic stop involving Plaintiff on or around May 8, 2021.

Count 4: Illinois state law claim against Defendants for their intentional infliction of emotional distress against Plaintiff arising from their loss or destruction of dashboard camera footage from the traffic stop involving Plaintiff on or around May 8, 2021.

Count 5: Fourth Amendment claim against Defendants Welge and Lannom for Plaintiff's unlawful stop, search, arrest, and seizure of $5,231 without probable cause on or around May 8, 2021.

Count 6: Fourteenth Amendment equal protection claim against Defendants for racially profiling Plaintiff before and during the traffic stop on or around May 8, 2021.

**Count 7:**   Illinois state law claim against Defendants for Plaintiff's false arrest and imprisonment on or around May 8, 2021.

**Count 8:**   Illinois Public Records Act claim against Defendants for failing to preserve public records of the unlawful stop of Plaintiff on or around May 8, 2021.

**Count 9:**   Illinois spoliation of evidence claim against Defendants for losing or destroying public records of Plaintiff's unlawful stop on or around May 8, 2021.

**Count 10:**   Illinois Freedom of Information Act claim against Defendants for failing to produce public records, including dashboard camera footage, of Plaintiff's traffic stop on or around May 8, 2021.

**Count 11:**   Illinois state law claim against City of Marion for failing to train Marion's Records Supervisors and Employees on proper retention of public records, including dash camera footage, resulting in the loss or destruction of footage from Plaintiff's traffic stop and arrest on or around May 8, 2021.

**Count 12:**   Illinois state law claim against Defendants for their malicious prosecution of Plaintiff.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]

### Counts 1 and 2

Plaintiff filed this lawsuit outside of the 2-year statute of limitations applicable to his federal constitutional claims. Counts 1 and 2 arise under 42 U.S.C. § 1983. Although § 1983 includes no statute of limitations, the Court borrows the statute of limitations for personal injury actions that apply in the state where the alleged injury occurred. *See* 42 U.S.C. § 1983; *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citations omitted). Plaintiff's injury occurred in Illinois, so this Court looks to Illinois state law for the applicable limitations period.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

Illinois law provides a 2-year statute of limitations for personal injury claims. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). This means that Plaintiff must bring suit within 2 years of his injury. As alleged, Plaintiff's injury occurred on or around May 8, 2021. He should have filed this lawsuit in federal court no later than May 7, 2023. Plaintiff signed the Complaint on March 31, 2026, and he filed it on April 20, 2026. This was almost 3 years after limitations period for his federal claims expired. Counts 1 and 2 are thus time-barred.

Plaintiff attempts to save these claims by ambiguously alleging the following: "Plaintiff discovered on 6/13/2025 lost, destroyed footage of a traffic stop that occurred on May 8, 2021." (Doc. 1, p. 6). Plaintiff offers no other allegations to clarify this assertion. As alleged, the Court is left to guess whether Plaintiff learned on June 13, 2025 that the dashboard camera footage from his May 8, 2021 traffic stop was lost or destroyed sometime between May 8, 2021 and June 13, 2025; whether Plaintiff learn that a defendant had the footage but lost or destroyed it on June 13, 2025; whether Plaintiff learned that a defendant found the footage, previously believed to be lost or destroyed, on June 13, 2025; or, whether Plaintiff meant to communicate something entirely different. The Court simply cannot tell, and this ambiguous statement does not save his federal constitutional claims.

A complaint must include enough factual matter, accepted as true, to state a claim for relief that is facially plausible. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Twombly,* 550 U.S. at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013)). The allegations must raise a plaintiff's right to relief above the speculative level. *Id*. (citing *Twombly,* 550 U.S. at 555). A plaintiff can plead himself out of court with factual allegations that clearly establish he is not entitled to relief as a matter of law. *Id*. (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). Although a plaintiff is not

required to overcome affirmative defenses like the statute of limitations when preparing a complaint, the district court may dismiss a complaint if a plaintiff alleges facts that establish a statute of limitations defense. *Id.* (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674–75 (7th Cir. 2009)). Plaintiff's complaint shows that he brought this § 1983 action well beyond the 2-year limitations period for his federal constitutional claims. As such, Counts 1 and 2 shall be dismissed as being time-barred.

### Counts 5, 6, and 7

Plaintiff previously filed a lawsuit pursuant to 42 U.S.C. § 1983 against Charles Welge, William Lannom, and other Marion County officials for the same conduct giving rise to Counts 5, 6, and 7. *See Cornelius v. Marion, Ill., et al.*, Case No. 23-cv-01165-NJR (S.D. Ill. filed April 6, 2023) (*See* Docs. 16, 48, and 60) (prior action). In his prior action, Plaintiff's claims are numbered Counts 1, 2, and 3, and all three claims remain pending against the defendants. For the same reasons set forth above, Counts 5, 6, and 7 are also time-barred in this case. Plaintiff has not reasserted the claims here. Accordingly, Counts 5, 6, and 7 shall be dismissed from this action.

### Counts 3, 4, 8, 9, 10, 11, and 12

Plaintiff's remaining claims arise under Illinois state law. Jurisdiction over these claims is conferred by 28 U.S.C. § 1367. The statute authorizes a district court to exercise supplemental jurisdiction over state law claims when the state claims "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When a district court dismisses all claims over which it has original jurisdiction, however, the district court has discretion to either retain jurisdiction over the supplemental claims or dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998). Generally, a district

court will dismiss the pendent state law claims. *See* 28 U.S.C. §§ 1367(c)(2), (3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). The Court will follow the general rule here. Counts 3, 4, 8, 9, 10, 11, and 12 shall be dismissed without prejudice to Plaintiff pursuing them in state court.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED with prejudice**. **COUNTS 1** and **2** are **DISMISSED with prejudice** as time-barred; **COUNTS 5, 6,** and **7** are **DISMISSED with prejudice** as time-barred and the focus of pending Case No. 23-cv-01165-NJR; and **COUNTS 3, 4, 8, 9, 10, 11,** and **12** are **DISMISSED without prejudice** because the Court declines to exercise supplemental jurisdiction over these state law claims, *see* 28 U.S.C. §§ 1367(c)(2), (3). Plaintiff is free to pursue his state law claims in Illinois state court.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 8/3/2026

_____

**J. PHIL GILBERT**
**United States District Judge**